# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Dami'on McGill | : | |
| 1401 Evanston St | : | |
| Pittsburgh, PA 15204 | : | #  2:23-cv-128 |
|                    Plaintiff | : | |
| v. | : | |
| | : | |
| Kenneth J. Arthur | : | |
| 9399 W HIGGINS RD SUITE 100 | : | |
| ROSEMONT, IL   60018 | : | |
|                And | : | |
| U.S. Foods, Inc. | : | |
| 9399 W HIGGINS RD SUITE 100 | : | |
| ROSEMONT, IL   60018 | : | |
|                And | : | |
| Trans-Porte, Inc. DBA US Foods | : | |
| 9399 W HIGGINS RD SUITE 100 | : | |
| ROSEMONT, IL   60018 | : | |
|                Defendant(s) | : | |

## COMPLAINT

## PARTIES

1.      Plaintiff, Dami'on McGill, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2.      Upon information and belief, Defendant, Kenneth J. Arthur, is a resident of the State of Illinois, residing at the address listed in the caption of this Complaint.

3.      Defendant, U.S. Foods, Inc.is a corporate entity authorized to conduct business in the State of Illinois, with a business address listed in the caption of this Complaint.

4.      Defendant, Trans-Porte, Inc. DBA US Foods is a corporate entity authorized to conduct business in the State of Illinois, with a business address listed in the caption of this Complaint.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the parties and subject matter of this Civil Action-Complaint in that the Plaintiff, Dami'on McGill, is a citizen of Pennsyvania and the Defendant, Kenneth J. Arthur, is a citizen of Illinois, and the Defendants, U.S. Foods, Inc. and Trans-Porte, Inc. DBA US Foods, upon information and belief are corporate entities with its principal place of business in Illinois and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

6.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2) in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## FACTS

7.     On or about October 23, 2021, at or about 3:00AM, Plaintiff, Dami'on McGill, was the operator of a motor vehicle, which was traveling on Parkway 376 near the Oaklyn exit.

8.     At or about the same date and time, Defendant, Kenneth J. Arthur, was the operator of a motor vehicle, owned by Defendants, U.S. Foods, Inc. and Trans-Porte, Inc. DBA US Foods, which was traveling at or around the aforementioned location of the Plaintiff's vehicle.

9.     At or about the same date and time, Defendants' vehicle was involved in a collision with Plaintiff's vehicle.

10.     At all times relevant hereto, Defendant, Kenneth J. Arthur, was operating the aforesaid Defendants, U.S. Foods, Inc. and Trans-Porte, Inc. DBA US Foods, vehicle as an agent, servant and/or employee, acting within the scope of it's agency.

11.     The aforesaid motor vehicle collision was the result of Defendant, negligently, and/or carelessly, operating his/her vehicle in such a manner so as to strike Plaintiff's vehicle.

12.     The aforesaid motor vehicle collision was a direct result of the negligence, and/or carelessness of the Defendants and not the result of any action or failure to act by the Plaintiff.

13.     As a result of the collision, Plaintiff suffered severe and permanent injuries, including a concussion, and lumbar spine, specifically, a disc protrusion at L5-S1, as are more fully set forth below.

## COUNT I
### Dami'on McGill v. Kenneth J. Arthur
### Negligence

14.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

15.     The negligence, and/or carelessness of the Defendant, which was the direct cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

a.  Striking Plaintiff's vehicle after merging into the Plaintiff's established lane without clearance;

b.  Operating his/her vehicle into Plaintiff's lane of travel;

c.  Failing to maintain proper distance between vehicles;

d.  Operating said vehicle in a negligent, and/or careless manner so as to strike Plaintiff's vehicle without regard for the rights or safety of Plaintiffs or others;

e.  Failing to have said vehicle under proper and adequate control;

f.  Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

g.  Violation of the assured clear distance rule;

h.  Failure to keep a proper lookout;

i.  Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff's vehicle;

j.  Being inattentive to his/her duties as an operator of a motor vehicle;

k.  Disregarding traffic lanes, patterns, and other devices;

l.  Driving at a high rate of speed which was high and dangerous for conditions;

m.  Failing to remain continually alert while operating said vehicle;

n.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o.  Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

p.  Failing to exercise ordinary care to avoid a collision;

q.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r.  Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

s.  Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

t.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

u.  Being otherwise careless and/or negligent under the circumstances.

16.  As a direct and consequential result of the negligent, and/or careless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or

aggravation of pre-existing conditions, including a concussion, and lumbar spine, specifically, a disc protrusion at L5-S1. Due to the lumbar injuries sustained, a lumbar radiofrequency ablation was performed, all to Plaintiff's great loss and detriment.

17.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

18.    As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

19.    As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

20.    As a direct result of the negligent, and/or careless conduct of the Defendant, Plaintiff suffered damage to his personal property, including his/her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

21.    Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Dami'on McGill, prays for judgment in plaintiffs' favor and against Defendant, Kenneth J. Arthur, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

**COUNT II**
**Dami'on McGill v. U.S. Foods, Inc.**
**Negligent Entrustment**

22.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

23.     The negligence, and/or carelessness of the Defendant, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

    a.   Permitting Defendant, Kenneth J. Arthur, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

    b.   Permitting Defendant, Kenneth J. Arthur, to operate the motor vehicle when Defendant, U.S. Foods, Inc.., knew, or in the exercise of due care and diligence, should have known that Defendant, Kenneth J. Arthur, was capable of committing the acts of negligence set forth above;

    c.   Failing to warn those persons, including the Plaintiff, that Defendant, U.S. Foods, Inc., knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant, Kenneth J. Arthur's negligent operation of the motor vehicle; and

    d.   Otherwise negligently entrusting said vehicle to said individual Defendant, Kenneth J. Arthur.

24.     As a direct and consequential result of the negligent, and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions,  a concussion, and lumbar spine, specifically, a disc protrusion at L5-S1. due to the lumbar injuries sustained, a lumbar radiofrequency ablation was performed, all to Plaintiff's great loss and detriment.

25.      As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

26.     As an additional result of the carelessness, and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

27.     As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

28.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Dami'on McGill, prays for judgment in plaintiff's favor and against Defendant, U.S. Foods, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

<u>**COUNT III**</u>
**Dami'on McGill v. U.S. Foods, Inc.**
**Respondeat Superior**

29.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

30.     The negligence, and/or carelessness of the Defendant, U.S. Foods, Inc., itself and by and through its agent, servant and/or employee, Defendant, Kenneth J. Arthur, acting at all times relevant hereto within the scope of it's agency, which was the direct and proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiffs, consisted of but are not limited to the following:

    a.  Striking Plaintiff's vehicle after merging into the Plaintiff's established lane without clearance;

    a.  Operating his/her vehicle into Plaintiff's lane of travel;

    b.  Failing to maintain proper distance between vehicles;

    c.  Operating said vehicle in a negligent, and/or careless manner so as to strike Plaintiff's vehicle, without regard for the rights or safety of Plaintiffs or others;

    d.  Failing to have said vehicle under proper and adequate control;

    e.  Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

    f.  Violation of the assured clear distance rule;

    g.  Failure to keep a proper lookout;

    h.  Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff's vehicle;

i.   Being inattentive to his/her duties as an operator of a motor vehicle;

j.   Disregarding traffic lanes, patterns, and other devices;

k.   Driving at a high rate of speed which was high and dangerous for conditions;

l.   Failing to remain continually alert while operating said vehicle;

m.   Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

n.   Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

o.   Failing to exercise ordinary care to avoid a collision;

p.   Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

q.   Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

r.   Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

s.   Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

t.   Being otherwise careless and/or negligent under the circumstances.

31.    As a direct and consequential result of the negligent, and/or careless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including a concussion, and lumbar spine, specifically, a disc protrusion at L5-S1. due to the lumbar injuries sustained, a lumbar radiofrequency ablation was performed, all to Plaintiff's great loss and detriment.

32.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

33.    As an additional result of the carelessness, and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

34.    As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

35.    As a direct result of the negligent, and/or careless conduct of the Defendant, plaintiff suffered damage to his personal property, including his/her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

36.    Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the

Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Dami'on McGill, prays for judgment in Plaintiffs' favor and against Defendant, U.S. Foods, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

**COUNT IV**
**Dami'on McGill v. Trans-Porte, Inc. DBA US Foods**
**Negligent Entrustment**

37.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

38.     The negligence, and/or carelessness of the Defendant, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

   a.  Permitting Defendant, Kenneth J. Arthur, to operate the motor vehicle
       without first ascertaining whether or not he was capable of properly operating
       said vehicle;

   b.  Permitting Defendant, Kenneth J. Arthur, to operate the motor vehicle when
       Defendant, Trans-Porte, Inc. DBA US Foods., knew, or in the exercise of due
       care and diligence, should have known that Defendant, Kenneth J. Arthur,
       was capable of committing the acts of negligence set forth above;

   c.  Failing to warn those persons, including the Plaintiff, that Defendant, Trans-
       Porte, Inc. DBA US Foods, knew, or in the existence of due care and
       diligence should have known, that the Plaintiff would be exposed to
       Defendant, Kenneth J. Arthur's negligent operation of the motor vehicle; and

    d.  Otherwise negligently entrusting said vehicle to said individual Defendant, Kenneth J. Arthur.

39.    As a direct and consequential result of the negligent, and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, a concussion, and lumbar spine, specifically, a disc protrusion at L5-S1. due to the lumbar injuries sustained, a lumbar radiofrequency ablation was performed, all to Plaintiff's great loss and detriment.

40.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

41.    As an additional result of the carelessness, and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

42.    As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

43.    Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Dami'on McGill, prays for judgment in plaintiff's favor and against Defendant, Trans-Porte, Inc. DBA US Foods, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

### COUNT V
**Dami'on McGill v. Trans-Porte, Inc. DBA US Foods**
**Respondeat Superior**

44.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

45.     The negligence, and/or carelessness of the Defendant, Trans-Porte, Inc. DBA US Foods, itself and by and through its agent, servant and/or employee, Defendant, Kenneth J. Arthur, acting at all times relevant hereto within the scope of it's agency, which was the direct and proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiffs, consisted of but are not limited to the following:

      a.  Striking Plaintiff's vehicle after merging into the Plaintiff's established lane without clearance;

      b.  Operating his/her vehicle into Plaintiff's lane of travel;

      c.  Failing to maintain proper distance between vehicles;

      d.  Operating said vehicle in a negligent, and/or careless manner so as to strike Plaintiff's vehicle, without regard for the rights or safety of Plaintiffs or others;

      e.  Failing to have said vehicle under proper and adequate control;

      f.  Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

      g.  Violation of the assured clear distance rule;

h.  Failure to keep a proper lookout;

i.  Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff's vehicle;

j.  Being inattentive to his/her duties as an operator of a motor vehicle;

k.  Disregarding traffic lanes, patterns, and other devices;

l.  Driving at a high rate of speed which was high and dangerous for conditions;

m.  Failing to remain continually alert while operating said vehicle;

n.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o.  Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

p.  Failing to exercise ordinary care to avoid a collision;

q.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r.  Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

s.  Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

t.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

u.  Being otherwise careless and/or negligent under the circumstances.

46.    As a direct and consequential result of the negligent, and/or careless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including a concussion, and lumbar spine, specifically, a disc protrusion at L5-S1. due to the lumbar injuries sustained, a lumbar radiofrequency ablation was performed, all to Plaintiff's great loss and detriment.

47.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

48.    As an additional result of the carelessness, and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

49.    As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

50.    As a direct result of the negligent, and/or careless conduct of the Defendant, plaintiff suffered damage to his personal property, including his/her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

51.    Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the

Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, <u>et.</u> <u>Seq.</u>, as amended, for which he/she makes a claim for payment in the present action.

 WHEREFORE, Plaintiff, Dami'on McGill, prays for judgment in Plaintiffs' favor and against Defendant, Trans-Porte, Inc. DBA US Foods, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY:_____*Ryan Flaherty/s*_____

Ryan Flaherty Esquire